IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

v.                                                          CRIMINAL NO. 3:02-00200
                                                             (CIVIL ACTION NO. 3:04-0777)

JUAN NICHOLAS,

    Movant.

**FINDINGS AND RECOMMENDATION**

      In November of 2002, following consummation of a plea agreement, Juan Nicholas entered a plea of guilty to one count of a two count indictment in which he was charged with distributing a quantity of cocaine base. On March 10, 2003, he was sentenced to a term of imprisonment of 188 months to be followed by three years supervised release. His sentence was affirmed on appeal. United States v. Nicholas, No. 03-4279, 71 Fed. Appx. 218 (4th Cir. Aug. 1, 2003). Thereafter, Nicholas filed a motion under the provisions of 28 U.S.C. § 2255 and, subsequently, an amended motion in which he alleges numerous irregularities during the course of the proceedings in the district court. The United States has filed a response to the motion and the matter is ready for decision.

      As an initial matter it is noted that, to the extent movant relies on the decisions of the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) in objecting to the manner in which his sentence was determined, his motion provides no basis for relief inasmuch as the Court of

Appeals for the Fourth Circuit has determined that "Booker does not apply retroactively to cases on collateral review." United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005).[1] Movant also contends that the court committed error by "classifying" him as a career criminal, that it committed error in "assessing 2 points upward adjustment for a gun and drugs found in close proximity,"[2] and that the United States breached the plea agreement when it "allowed information from Count Two of the charged indictment to be used under the 'relevant conduct standard,' when in fact, as part of the signed plea agreement Count Two was to be dismissed." These claims were not raised by movant in his direct appeal, and as the United States has pointed out, have been waived and cannot be raised in collateral proceedings. Gilbert v. United States, 47 F.Supp.2d 733, 734 (S.D. W.Va. 1999). Further, his claim that the court "committed plain error in assessing 50.3 grams of cocaine base as relevant conduct," to the extent it is based on grounds other than the Booker decision, was considered and resolved on direct appeal and will not be reconsidered in this collateral proceeding. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

In his amended motion Nicholas asserts, inter alia,[3] that counsel was ineffective for failing to object to his classification as a career criminal inasmuch as he had only one qualifying conviction, not two as required by § 4B1.1 of the Sentencing Guidelines. With respect to this claim the court notes initially that movant's counsel attempted, in both objections submitted to the presentence

---

[1] Movant's sentence was below the statutory maximum and would, in any event, not have violated the dictates of Apprendi.

[2] When he was arrested on the warrant issued following return of the indictment on the present charges Nicholas gave officers permission to search his vehicle. Among items found were four chunks of crack cocaine in the side door panel and crack cocaine and a .38 caliber Derringer pistol in the truck of the vehicle.

[3] Movant's remaining claims of ineffective assistance clearly lack merit.

report and in argument at sentencing , to ameliorate the recommendation in the presentence report that movant be sentenced as a career offender.  Counsel failed to notice, however, that 1991 concurrent sentences for drug trafficking and drug abuse imposed by the Franklin County Common Pleas Court did not qualify as a predicate offense. Movant was sentenced by the Ohio Court to one year concurrent sentences on these charges on May 13, 1991. Application Note to § 4B1.2 of the Guidelines provides that "§ 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1," and in accordance with the provisions of § 4A1.2(e)(2) movant's 1991 Ohio sentences, which were for concurrent terms of one year, would qualify as a predicate offense only if they were "imposed within ten years of the defendant's commencement of the instant offense ... ." While the "'commencement of the instant offense' includes any relevant conduct," USSG § 4A1.2, comment. (n. 8), insofar as the court can determine August 13, 2001, the date movant was charged with distributing cocaine base in Count One of the indictment, is the earliest date on which criminal conduct is alleged to have occurred in this case. The ten year period from that date would be August 13, 1991.  Inasmuch as the Ohio pleas and convictions occurred on May 13, 1991, these convictions obviously would not qualify as predicate offenses under § 4B1.1.[4]

Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel," United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996), and, while counsel in this case clearly worked strenuously for his client, his failure to object to the recommendation that movant be sentenced as a career offender falls below an

---

[4]Nor would the convictions be counted in determining movant's criminal history score.

"objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). It is also clear that Nicholas we prejudiced as a consequence of the failure to object.

### RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that counsel be appointed for Juan Nicholas and that he be brought before the court for re-sentencing.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing, § 2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: September 18, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE